UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANIEL R. POTTS and
BARBARA J. POTTS,

      Plaintiffs,

v.                                                                                    Case No. 1:07-CV-889

POLARIS ACCEPTANCE,                                                HON. GORDON J. QUIST

      Defendant.
_____/

## OPINION

The Court has before it Defendant Polaris Acceptance's Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Fed. R. Civ. P. 8(c), 9(b), and 12(b)(6). Plaintiffs have not responded to the motion within the time allowed for responses under W.D. Mich. LCivR 7.2(c). For the reasons set forth below, the Court will grant the motion and dismiss Plaintiffs' amended complaint.

## Background

Plaintiffs filed their complaint in this case on September 10, 2007. Plaintiffs alleged that they are the former owners of Benzie Lawn & Sports Center, Inc. ("Benzie"). Benzie sold various motor sports vehicles and was a dealer of Polaris brand snowmobiles and all-terrain vehicles under a dealer agreement with Polaris Sales ("PS") and a separate financing agreement with Defendant Polaris Acceptance ("PA"). Plaintiffs personally guaranteed Benzie's obligations under the agreements with PS and PA.

Plaintiffs further alleged that Benzie terminated its dealer agreement with PS on March 31, 2006, and ceased doing business. Pursuant to an agreement between the parties, PA repossessed all

remaining collateral from Benzie and tendered it to PS. PA informed Plaintiffs of the tender and demanded payment from Plaintiffs in the amount of $5,790.27 for interest and other charges Benzie owed to PA under the financing agreement. After a period of negotiations, Plaintiffs and PA signed a mutual release agreement (the "Release Agreement") in which both parties released all claims of any nature arising out of the financing relationship.

Following the execution of the Release Agreement, PS notified Plaintiffs that it had received bids for the repossessed collateral, leaving a deficiency of $28,987.06 on the dealer agreement. Plaintiffs asserted that the Release Agreement with PA relieved them from any liability to PS for the deficiency. Ultimately, PS initiated an arbitration proceeding against Plaintiffs to recover the deficiency.

In response to the arbitration proceeding, Plaintiffs filed the instant lawsuit. Plaintiffs alleged that PA committed fraud in the execution of the Release Agreement. That is, Plaintiffs alleged that prior to executing the Release Agreement, PA assigned all claims it held against Plaintiffs to PS, apparently, including the claim that PS asserted against Plaintiffs in the arbitration proceeding. Plaintiffs alleged that PA assigned its rights to PS without informing Plaintiffs of the assignment and with full knowledge that Plaintiffs were relying upon the Release Agreement as precluding any further claims arising out of the financing relationship or Plaintiffs'/Benzie's status as a Polaris dealer.

PA moved to dismiss Plaintiffs' complaint on October 24, 2007, arguing that Plaintiffs' allegations of fraud failed to meet Rule 9(b)'s specificity requirement and that, in any event, the Release Agreement barred Plaintiffs' fraud claim. The Court heard oral argument on the motion on April 1, 2008. During the hearing, Plaintiffs' counsel informed the Court that since filing his response to PA's motion, the arbitration with PS had concluded. Plaintiffs' counsel further disclosed that he had learned that PA did not assign its claims to PS, but instead PS asserted its own claim

2

under the dealer agreement that it had with Benzie and Plaintiffs, as guarantors of Benzie's obligations. In other words, the alleged assignment did not exist. The real claim, according to Plaintiffs' counsel, was that PA repossessed the collateral from Benzie, treating Benzie as a dealer in default, which allowed PA to require PS to repurchase the collateral under a separate agreement between PA and PS. Plaintiffs' counsel said that this improper characterization of Benzie as a defaulting dealer led to PS pursuing the claim against Plaintiffs in the arbitration based upon the faulty assumption that Benzie was a defaulting dealer. Plaintiffs' counsel posited that such facts would give rise to a fraud claim or possibly a breach of contract claim. The Court therefore granted PA's motion to dismiss, but gave Plaintiffs leave to file an amended complaint.

Plaintiffs filed their amended complaint on April 15, 2008, alleging a different claim of fraud. Specifically, Plaintiffs alleged that although Benzie had met all of its obligations to PA, PA represented to PS that Benzie was in default. Plaintiffs alleged that PA's misrepresentation to PS caused PS to make a claim against Benzie and Plaintiffs under the dealer agreement, resulting in an arbitration award in excess of $75,000. More specifically, Plaintiffs claim: "The aforementioned misrepresentation by [PA] to Polaris Sales Inc. constituted a fraud upon Plaintiffs, and was the direct and proximate cause of Plaintiffs being named as respondents in the arbitration proceeding filed against them by Polaris Sales Inc." (Am. Compl. ¶ 15.) PA moved to dismiss Plaintiffs' amended complaint on May 8, 2008.

**Motion Standard**

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The moving party has the burden of proving that no claim exists. Although a complaint is to be liberally construed, it is still necessary that the complaint contain more than bare assertions of legal conclusions. *Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d

3

1236, 1240 (6th Cir. 1993) (citing *Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).  All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party.  2A James W. Moore, *Moore's Federal Practice*, ¶ 12.34[1][b] (3d ed. 1997).  The Court need not, however, accept unwarranted factual inferences.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957)).

## **Discussion**

In its present motion, PA continues to assert that Plaintiffs' claim is barred by the Release Agreement and that Plaintiffs have failed to plead fraud with particularity as required by Rule 9(b).  The Court need not reach either of these arguments because the amended complaint is subject to dismissal for failure to state a claim.  That is, as a matter of law, Plaintiffs' do not state a fraud claim.

In order to state a claim for fraud, a plaintiff must allege that: (1) the defendant made a material misrepresentation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage.  *M & D, Inc. v. W.B. McConkey*, 231 Mich. App. 22, 26-27, 585 N.W.2d 33, 36 (1988).

Plaintiffs' newly-asserted fraud claim fails on its face because, assuming the first three elements to be adequately established, Plaintiffs' own allegations show that they cannot establish

the fourth, fifth, and sixth elements. Regarding the fourth element, the allegations show that PA made the representation to PS, not to Plaintiffs. The allegations provide no basis for an inference that PA intended Plaintiffs to rely in any way on the representation made to PS. Moreover, "[a]n allegation of fraud based on misrepresentations made to a third party does not constitute a valid fraud claim." *Int'l Bhd. Of Elec. Workers, Local Union No. 58 v. McNulty*, 214 Mich. App. 437, 447, 543 N.W.2d 25, 30 (1995). Likewise, the fifth element of a fraud claim is missing in this case because Plaintiffs have not alleged how they relied to their detriment upon PA's alleged representation to PS. Finally, Plaintiffs have failed to allege the sixth element, damage, because the damage they allege they suffered – the unfavorable arbitration award – was caused not by PA's alleged representation, but instead by the arbitrator's award following the arbitration.[1]

## Conclusion

For the foregoing reasons, the Court will grant PA's motion to dismiss and dismiss Plaintiff's amended complaint.

An Order consistent with this Opinion will be entered.


Dated: June 18, 2008                     /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE

---

[1] Apart from the identified shortcomings, Plaintiffs' argument that PS had no right to recover the deficiency absent a default by Plaintiffs is contrary to the plain language of paragraph 3d of the dealer agreement. That provision states, in relevant part: "Dealer may voluntarily surrender Products to a financial institution, but it shall continue to be bound by its obligations to Polaris for any deficiency remaining after the sale of the surrendered Product by such financial institution and to reimburse Polaris for any costs that Polaris incurs as a result of such sale."